**UNION CARTAGE COMPANY, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 65-209-J.**

United States District Court

D. Massachusetts.

June 28, 1965.

Leonard Jaskiewicz and Ronald N. Cobert, Washington, D. C., Francis E. Barrett, East Milton, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., for defendant United States.

John F. Curley, Boston, Mass., for defendant I. C. C.

Mary E. Kelley, Boston, Mass., William P. Sullivan, Washington, D. C., for intervenor Mac Transport.

Before ALDRICH, Chief Judge of the Court of Appeals, and FORD and JULIAN, District Judges.

JULIAN, District Judge.

This action is brought, and the jurisdiction of this Court is invoked, under 28 U.S.C. §§ 1336, 1398, 2321, 2322, 2323 and 2325, to set aside, vacate, and

annul, and to enjoin the enforcement of, two orders of the Interstate Commerce Commission, one dated December 22, 1964, granting Mac Transport Lines [1] temporary authority to transport malt beverages as a contract carrier for the account of Hampden-Harvard Breweries, and the other dated February 12, 1965, denying the petitions of the plaintiff and other protestants for reconsideration of the order granting the temporary authority.

The United States and the Interstate Commerce Commission moved to dismiss the complaint with prejudice on the ground "that the order herein attacked concerns a matter committed to the discretion of the Commission and is not subject to judicial review." [2]

The facts on which the action is based are stated in the complaint, the appendices to the complaint, and the plaintiff's memorandum in opposition to the motion to dismiss.

On September 14, 1964, Mac Transport Lines filed with the Commission an application for temporary authority under 49 U.S.C. § 310a(a) to transport malt beverages, as a contract carrier, by motor vehicle in interstate commerce from Willimansett, Massachusetts, to points in Connecticut, Rhode Island, New York, and New Jersey. The application was accompanied by a supporting letter of Piel Bros., Inc., on behalf of its division, Hampden-Harvard Breweries, which is engaged in the manufacture, sale, and distribution of malt beverages. The letter states that "the immediate availability of this authority is necessary to retain and fully service the accounts now being jeopardized by the lack of adequate service to replace existing private carriage." The letter details the grounds for this assertion, among them the following:

"Our interstate movements have always been conducted by private carriage because of the described customer demands for timely deliveries. Recently in anticipation of our changing requirements attempts were made to utilize the services of existing motor common carriers to the application territory. These efforts have proved completely unsuccessful."

The letter lists the plaintiff among the carriers which Hampden-Harvard found to be unable to supply satisfactory service to meet its special requirements, and gives specific reasons for the belief that Mac Transport Lines would be able to meet those requirements. It is further represented in the letter that a denial of the application would force Hampden-Harvard to expand its private carriage operations if it was to remain competitive, and that it had no desire to expand such operations unless compelled to do so.

---

1. J. Francis McCarthy, doing business as Mac Transport Lines, was allowed to intervene as a defendant in the present action.

2. The statutes involved are the following: Section 210a(a) of the Interstate Commerce Act (49 U.S.C. § 310a(a)): "To enable the provision of service for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need, the Commission may, in its discretion and without hearings or other proceedings, grant temporary authority for such service by a common carrier or a contract carrier by motor vehicle, as the case may be. Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the Commission shall specify, but for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter."
Section 10 of the Administrative Procedure Act (5 U.S.C. § 1009): "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.
"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

On September 30, 1964, Mac Transport Lines filed an application for permanent authority under 49 U.S.C. § 309 for a contract carrier permit to transport the same commodities to and from the same points covered by the application for temporary authority. The application for permanent authority is still pending before the Commission.

The plaintiff and several other carriers protested the application for temporary authority. On October 28, 1964, the Temporary Authorities Board of the Commission issued an order denying the application. A petition for reconsideration was filed by Mac Transport on November 18, 1964. Replies were filed by various protestants, but no reply was filed by the plaintiff.

On December 22, 1964, Division 1 of the Commission, acting as an Appellate Division, entered an order which vacated the denial of the application and granted temporary authority to Mac Transport Lines to transport malt beverages as a contract carrier for a period of 180 days for the account of Hampden-Harvard Breweries, over irregular routes, from Willimansett, Massachusetts, to points in Connecticut, Rhode Island, New York, and New Jersey. The Commission premised its action on the immediate and urgent need for the motor carrier service described in the grant and on the unavailability of carrier service capable of meeting such need.

Various protestants, including the plaintiff, filed petitions for reconsideration, and a reply was filed by Mac Transport Lines. On February 12, 1965, the petitions were denied by the Commission for the reason that no showing was made which warranted a conclusion different from that reflected by the order of December 22, 1964.

The complaint in this Court was filed on March 12, 1965. Plaintiff's application for a temporary restraining order was denied by the Court on that same date.

The plaintiff claims that the order of December 22, 1964, granting the temporary authority and the order of February 12, 1965, denying plaintiff's request for reconsideration "are erroneous, arbitrary and capricious" for the reasons (1) that the Commission exceeded its statutory jurisdiction by granting the temporary authority "in the face of the existing complete service which has been and will be provided by the plaintiff"; (2) that the Commission exceeded its statutory authority "in view of the fact that there is no immediate and urgent need for additional service within the territory of the grant"; and (3) that the Commission's action "was without foundation and substantial evidence in the record."

The record before us does not indicate that the Commission ever accepted as true either the representation that complete service has been or will be provided by the plaintiff or the representation that there is no immediate and urgent need for the service described in the grant. The Commission chose to accept, as it was free to do, the opposite representations made in support of the grant.

The test of the validity of the Commission's action is not whether it is supported by substantial evidence of a formal character, as is the case where an order granting or denying permanent authority is under review, but merely whether the Commission had legal authority to act as it did in the circumstances presented to it. J-T Transport Co. v. United States, 1961, W.D.Mo., 191 F.Supp. 593; Bowen Transports v. United States, 1953, E.D.Ill., 116 F.Supp. 115.

The statute expressly empowers the Commission, in its discretion and without hearings or other proceedings, to grant temporary authority for carrier service by a contract carrier by motor vehicle where there is a showing of an immediate and urgent need for such service to a point or points or within a territory having no carrier service capable of meeting such need. In such circumstances, the Administrative Procedure Act precludes judicial review of agency action which is committed by law to agency discretion.

The information which the complaint and appended documents show was submitted to the Commission, and which the Commission was free to consider and weigh in the light of its own specialized knowledge and experience, clearly establishes that it had the legal authority to issue the orders in question. There is nothing to indicate that the Commission acted arbitrarily or capriciously or committed an abuse of discretion.

Whether a grant or denial of temporary authority would be subject to judicial review where a showing is made, in the form of affidavits or otherwise, that the Commission acted beyond the ambit of its statutory power or committed an abuse of discretion, is a question that is not here decided.

The motion to dismiss the complaint is granted.