**THREE "I" TRUCK LINE, INC., and Cedar Rapids Steel Transportation, Inc., Plaintiffs,**

**v.**

**INTERSTATE COMMERCE COMMISSION and the United States of America, Defendants,**

**Western Transportation Company, H & W Motor Express Co., Bruce Motor Freight, Inc., Matson, Inc. and Hawkeye Motor Express, Inc., Intervenors.**

**Civ. No. 65-C-4-CR.**

United States District Court
N. D. Iowa,
Cedar Rapids Division.
Aug. 30, 1965.

Sullivan, Todd, Dillon, Sullivan & Raley, Washington, D. C., for plaintiffs.

William H. Orrick, Jr., Asst. Atty. Gen., Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., for United States.

Robert W. Ginnane, General Counsel, Betty Jo Christian, Atty., Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Edward G. Bazelon, Chicago, Ill., Axelrod, Goodman & Steiner, Chicago, Ill., O. W. Lawrence, Cedar Rapids, Iowa, of counsel, for intervenors Western Transportation, H & W Motor Express Co., Bruce Motor Freight, Inc., Matson, Inc., and Hawkeye Motor Express, Inc.

Before VAN OOSTERHOUT, Circuit Judge, and HANSON and McMANUS, District Judges.

McMANUS, District Judge.

This is an action by plaintiffs seeking to enjoin and set aside Orders of the Interstate Commerce Commission (Commission) of October 21, 1964, and January 4, 1965, which orders vacated and set aside the prior order of the Finance Board granting plaintiffs' application for temporary authority. Pursuant to plaintiffs' motion, filed January 28, 1965, a Temporary Restraining Order was issued restraining the Commission from enforcing its orders until hearing and review by this three judge court. Certain interested parties have been permitted to intervene, briefs filed by all parties and hearing held.

The following shall constitute this court's findings of fact and conclusions of law as contemplated by Rule 52(a), Federal Rules of Civil Procedure.

On June 15, 1964, plaintiffs filed with the Commission their application, under Section 5 of the Interstate Commerce Act, Title 49, U.S.C.A. § 5, wherein plaintiff Cedar Rapids Steel Transportation, Inc. (Cedar Rapids) sought permanent authority to acquire control of and merge with plaintiff Three "I" Truck Line,

William A. Bergman, Moyer & Bergman, Cedar Rapids, Iowa, William P.

Inc. (Three "I") through the purchase of all its capital stock and merger of the carriers' operating rights and properties. In conjunction therewith, plaintiffs also filed with the Commission an application, under Section 210a(b) of the Act, Title 49, U.S.C.A. § 310a(b), for temporary approval of Cedar Rapids' operation of Three "I"'s properties pending determination of the permanent application. Protests to the latter application were filed by the intervenors herein, but on July 10, 1964, the Commission's Finance Board No. 1 issued an order granting temporary approval to Cedar Rapids. The protesting carriers filed petition for reconsideration and on October 21, 1964, Division 3 of the Commission, Acting as an Appellate Division, entered an order vacating and setting aside the July 10, 1964, order of Finance Board No. 1. Thereafter, plaintiffs' petition for reconsideration and for a stay of Division 3's order of October 21, 1964, was denied on January 4, 1965, by order of Division 3 of the Commission which order further provided January 31, 1965, as its effective date.

Plaintiffs filed their complaint in this court on January 27, 1965, contending that the Commission's orders of October 21, 1964 and January 4, 1965, were arbitrary, capricious and unlawful in that they failed to set forth in clear language the factual basis for denial of the temporary approval[1] and are violative of the Administrative Procedure Act. Defendants contend that this court has no jurisdiction to review the orders in question; that if there is jurisdiction there was no abuse of discretion by the Commission; and that the Administrative Procedure Act is not applicable.

On the threshold question of jurisdiction, this court is inclined to the view so ably expressed by Judge Goodrich in Pennsylvania Railroad Company v. United States et al., 13 CCH Federal Carrier Cases Par. 81,256, (E.D.Pa. 1959). This court has jurisdiction to review the orders although its scope is limited. Commercial Transport, Inc. v. United States, 173 F.Supp. 524 (E.D. Ill.1958), aff'd Wabash R. R. Co. v. Commercial Transport, Inc., 361 U.S. 1, 80 S.Ct. 50, 4 L.Ed.2d 49; Schenley Distillers Corp. v. United States, 50 F.Supp. 491 (D.Del.1943).

An examination of the entire record in this case does not disclose an absence of a rational basis for the conclusions reached by the Commission which is further fortified by the Commission's use of statutory language. Mercury Freight Lines, Inc. v. United States, Civil Action No. 1609, S.D.Ala., April, 1956; and see Hoffman v. Ribicoff, 305 F.2d 1 (8 Cir. 1962).

Considering plaintiffs' final contention, the court is of the view that Sections 9 and 10 of the Administrative Procedure Act, Title 5, U.S.C.A., §§ 1008 and 1009, are inapplicable. J-T Transport Co., Inc. v. United States, 191 F.Supp. 593 (W.D.Mo.1961); Bowen Transports, Inc. v. United States, 116 F.Supp. 115 (E.D.Ill.1953).

It is therefore

Ordered

That the Clerk enter judgment in accordance herewith, dissolving the Temporary Restraining Order of January 28, 1965, and dismissing plaintiffs' complaint at their costs.

---

1. Substantially identical language was used in the two orders:

*October 21, 1964*: "* * * *It appearing*, Upon reconsideration, that failure to grant such temporary approval would not result in destruction of or injury to the operating rights sought to be acquired, or interfere substantially with their future usefulness in the performance of adequate and continuous service to the public: * * *."

*January 4, 1965*: "* * * *It further appearing*, That, upon reconsideration, failure to grant such temporary approval would not result in destruction of or injury to the operating rights sought to be acquired, or interfere substantially with their future usefulness in the performance of adequate and continuous service to the public: * * *."