**MERCHANTS DELIVERY CO., Plaintiff,**
v.
**UNITED STATES of America**
and
**Interstate Commerce Commission, Defendants,**
**Exhibitors Film Delivery & Service Co., Inc., Intervening Defendant**
(two cases).
**Nos. 15942-2, 15943-2.**

United States District Court
W. D. Missouri, W. D.
March 1, 1967.

---

Frank W. Taylor, Jr., Lee Reeder, and Wentworth E. Griffin of Reeder, Griffin & Dysart, Kansas City, Mo., for plaintiff.

John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and F. Russell Millin, U. S. Atty. for the Western District of Missouri, Kansas City, Mo., for the United States.

John E. Faulk, Atty., Interstate Commerce Commission, Washington, D. C., and Robert W. Ginnane, Gen. Counsel for the Interstate Commerce Commission, Washington, D. C., for the Interstate Commerce Commission.

Robert E. Joyner, of Wrape & Hernly, Memphis, Tenn., and Thomas I. Osborne, of Caldwell, Blackwell, Sanders & Matheny, Kansas City, Mo., for the intervening defendant.

Before GIBSON, Circuit Judge and BECKER and COLLINSON, District Judges.

## OPINION

COLLINSON, District Judge.

In these two cases, which have been consolidated because of common identity of the parties and the issues, plaintiff, a common carrier, seeks "to enjoin, annul, suspend and set aside" two orders of the Interstate Commerce Commission, each of which grants temporary authority to the intervenor to transport general commodities (with certain exceptions and restrictions) over specified routes in Missouri and Kansas.

The plaintiff alleges that each of said orders is "unreasonable, arbitrary, capricious and unlawful and an abuse of discretion in excess of statutory authority."

It should be noted that plaintiff concedes in its brief and argument that the orders attacked were issued under the statutory authority found in § 210a of the Interstate Commerce Act (49 U.S.C. § 310a), which provides

To enable the provision of service for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need, the Commission may, in its discretion and without hearings or other proceedings, grant temporary authority for such service by a common carrier or a contract carrier by motor vehicle, as the case may be. Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the Commission shall specify, but for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter.

The record of the Interstate Commerce Commission filed herein shows that the orders were issued, without a hearing, upon an application by intervenor supported by numerous letters from shippers and receivers of freight.

Plaintiff sought, and was refused, a temporary restraining order from the Court at the time of filing the petition.

The first question presented is the contention by defendants and intervenor that this court has no jurisdiction to review an order issued under the provisions of § 210a. The basis for this contention is § 10 of the Administrative Procedure Act (5 U.S.C. § 1009) which commences "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion * * *."

Defendants argue that the plain wording of § 210a demonstrates that the granting or withholding of temporary authority is "committed to agency discretion."

The plaintiff states in its brief that it "is not contending that the Commission did not have the power or statutory authority to issue such an order," but contends that "there is absolutely no evidence in this record either factually or by innuendo on which the Commission could base its required finding pertaining to the immediate and urgent need

*and* that there is no carrier capable of meeting such need."

The record shows that the supporting evidence received (and presumably considered) by the Commission consisted of one hundred and eighteen letters from shippers and receivers in support of one application, and fifty-eight similar letters in support of the other.

Plaintiff contends that because these letters are "sterotyped" and do not expressly negative the existence of another carrier "capable of meeting" their need, the Commission acted arbitrarily and capriciously in exercising its discretion in granting the temporary authority sought.

Plaintiff relies principally on the case of Bert Hussey, et al., v. U. S. et al., 16 C.C.H. Federal Carrier Cases II 81, 779 (D.C., N.D., Calif.So.Div., Nov. 24, 1965) in which the Court said

We agree with defendants that the standard of judicial review of the Commission's action taken under Section 210a(a) is not whether it is supported by substantial evidence, as in the case where an order granting or denying permanent authority is under review. Union Cartage Co. v. U. S. [16 Federal Carriers Cases ¶ 81, 750 ('65), 244 F. Supp. 1005], Civil No. 65209J. (D.C. Mass., June 28, 1965, not yet reported). However, we hold that this court does have jurisdiction to review the temporary orders with its scope of review extending solely to the issue of whether the Commission's determination of 'urgent and immediate need' was arbitrary or capricious or whether the Commission acted without authority of law or committed an error of law. (Citing cases) In conducting its limited review of the temporary orders this court is confined to the administrative record made before the Commission. (Citing cases) Its function is merely to determine whether the evidence in the record supports the agency determination of 'urgent and immediate need.'

To the contrary is a decision of this court, J–T Transport Company v. United

**672**

States, 191 F.Supp. 593, 600 (W.D.Mo. 1961). In that case the plaintiff was seeking to enjoin and annul an order of the Commission setting aside temporary authority previously granted. In discussing the review sought by plaintiff, Judge Ridge said

> Discretion was vested in it [Div. I of the Commission] to act in the light of the facts as it ascertained, either from the record previously made regarding that application, or those of which, in its expertise, it could take official notice. Under such circumstances, this Court cannot restrain the Commission from so acting, or compel it to take action in any specific manner. So long as Division I did not exceed its jurisdiction, its reason for 'revoking', i. e. denial of J–T's application for temporary authority, is not subject to judicial review for an error either of fact or law which induced it to reach that conclusion. (Citing cases)

> We do not reach the 'right of review' as claimed by J–T, under Section 10 (a) of the Administrative Procedure Act; nor is it necessary that we discuss the mandate of Section 9(b) of the Act, in the context as presented by the parties. As to the former, suffice it to say we are convinced that what is here involved is discretionary agency action committed by law to the I.C.C. and that the first paragraph of Section 10 precludes judicial review as here prayed. * * *

That case was cited with approval and followed in Union Cartage Co. v. United States, et al., 244 F.Supp. 1005, 1007–1008 (D.C.Mass.1965). In the latter case the plaintiff sought the identical relief sought in the present case, enjoining the enforcement of an order granting temporary authority. The defendants moved to dismiss on the grounds "that the order herein attacked concerns a matter committed to the discretion of the Commission and is not subject to judicial review." The Court granted the motion and dismissed the action, although in the opinion it did review the evidence before the Commission, holding

The test of the validity of the Commission's action is not whether it is supported by substantial evidence of a formal character, as is the case where an order granting or denying permanent authority is under review, but merely whether the Commission had legal authority to act as it did in the circumstances presented to it. J–T Transport Co. v. United States, 1961, W.D.Mo., 191 F.Supp. 593; Bowen Transports Inc., v. United States, 1953, E.D.Ill., 116 F.Supp. 115.

The statute expressly empowers the Commission, in its discretion and without hearings or other proceedings, to grant temporary authority for carrier service by a contract carrier by motor vehicle where there is a showing of an immediate and urgent need for such service to a point or points or within a territory having no carrier service capable of meeting such need. In such circumstances, the Administrative Procedure Act precludes judicial review of agency action which is committed by law to agency discretion.

The information which the complaint and appended documents show was submitted to the Commission, and which the Commission was free to consider and weigh in the light of its own specialized knowledge and experience, clearly establishes that it had the legal authority to issue the orders in question. There is nothing to indicate that the Commission acted arbitrarily or capriciously or committed an abuse of discretion.

In the cases before this Court, the Commission considered an application, supported by numerous letters from shippers and receivers of freight, which the Commission determined, in its discretion and without a hearing, sustained a finding that there was an immediate and urgent need for the service and there was no carrier service capable of meeting such need.

■ The application and supporting letters filed by the intervenor certainly constituted a "showing" upon which the Commission could make a discretionary

finding which it had the legal authority to do. It would possibly be "arbitrary and capricious" for the Commission to exercise its discretion in granting this authority without any "showing," but that is not the case; nor is there any showing that the Commission acted arbitrarily, capriciously or abused its discretion.

The action of the Commission in granting the temporary authority in each of these cases is discretionary agency action, which the I.C.C. is empowered to exercise by Act of Congress, and the first paragraph of § 10 of the Administrative Procedure Act precludes the judicial review of discretionary agency action, unless that action is arbitrary, capricious or an abuse of discretion.

The plaintiff's complaint is dismissed.