**MERCHANTS DELIVERY CO., Plaintiff,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants (two cases).**

Nos. 15942-2, 15943-2.

United States District Court
W. D. Missouri, W. D.

March 30, 1966.

Lee Reeder, Wentworth E. Griffin, Frank W. Taylor, Jr., of Reeder, Griffin & Dysart, Kansas City, Mo., for plaintiff Merchants Delivery Co.

Donald F. Turner, Department of Justice, Washington, D. C., F. Russell Millin, U. S. Atty., John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for United States of America.

Robert W. Ginnane, General Counsel, ICC, Washington, D. C., Mitchell Haller, Attorney, Kansas City, Mo., for Interstate Commerce Commission.

Robert E. Joyner, Memphis, Tenn., Thomas I. Osborne, Kansas City, Mo., for intervening defendant Exhibitors Film Delivery & Service Co., Inc.

COLLINSON, District Judge.

The plaintiff has brought this action to set aside an order of the Interstate Commerce Commission granting the intervenor temporary authority over certain routes in Missouri and Kansas in direct competition with the plaintiff. The order of the Commission becomes effective on April 4, 1966, and the plaintiff has prayed for a temporary restraining order to prevent such order from going into effect until this case is decided.

A show cause order was issued by this Court on the date the complaint was filed, and on very short notice the defendants and intervenor appeared in response to the show cause order.

It is the contention of the respondent and intervenor that the grant of temporary authority by the Interstate Commerce Commission is a discretionary matter not subject to review by this Court, and that a temporary restraining order should not issue. Plaintiff claims that the issuance of temporary authority was an abuse of discretion and was arbitrary and capricious.

■ Apparently, under the law, there are no requirements for a hearing which would satisfy the judicial concept of due process of law as a prerequisite for the grant of temporary authority. The statute itself provides that "the Commission may, in its discretion and without hearings or other proceedings, grant temporary authority."

The Court has examined the large number of letters attached to the application before the Commission from shippers endorsing the grant of authority to the intervenor. It is the contention of the plaintiff that the Commission could not, without abuse of discretion, base a finding of either an "immediate urgent need" or "no carrier service capable of meeting such need" on the basis of these many letters.

■■ Without prejudging the merits of petitioners' complaints, this Court finds it very significant that all of the reported cases involving a review of a temporary authority, such as the one involved in this case, have held that the Commission's findings do not have to be based upon substantial evidence, but that it is sufficient if there is any evidence to support the exercise of discretion, and there is not a single reported case in which a district court has issued a temporary retraining order in a suit to review a grant of temporary authority. This in itself is not controlling, but the Court feels that it is significant. To issue a temporary injunction against an order of a highly respected Government agency, which has exercised its statutory discretion, is a very serious matter. This Court feels it is entirely different from the issuance of a temporary restraining order which is commonly issued upon the proper showing in a case in which permanent rights are being granted. In the latter case the parties have a right to judicial review, and it only seems natural to a judge that, in effect, there should be a supersedeas of the order appealed from until final determination. In the instant case, the Commission, in a field in which it is much more familiar than this Court, found in its discretion that there is an immediate need for the temporary order. The plaintiff is not foreclosed from attacking this decision as being an abuse of discretion in this proceeding, and could, further, have its day in court on a proceeding for the permanent rights under these rules.

For the above reasons, the Court is denying the plaintiff's prayer for a temporary restraining order in this cause.