**ROADWAY EXPRESS, INC., Akron, Ohio, Plaintiff,**

v.

**UNITED STATES of America**
and
**Interstate Commerce Commission, Defendants.**
**Civ. A. No. C 66–451.**

United States District Court
N. D. Ohio, E. D.
Oct. 11, 1966.

Charles Scanlon, Buckingham, Doolittle & Burroughs, Akron, Ohio, Russell R. Sage, Turney, Major, Markham & Sherfy, Washington, D. C., for plaintiff.

Rex Eames, Eames, Petrillo, Wilcox & Nelson, Detroit, Mich., for intervening plaintiffs.

John H. D. Wigger, Dept. of Justice, Nahum Litt, I. C. C., Washington, D. C., Herbert Baker, James R. Stiverson, Columbus, Ohio, Reynolds & Reynolds, Atlanta, Ga., for defendants.

Before CELEBREZZE, Circuit Judge, CONNELL, Chief District Judge, and THOMAS, District Judge.

PER CURIAM.

Plaintiff Roadway Express, Inc., petitions this court to enjoin, set aside, and annul the order of May 26, 1966 of the Interstate Commerce Commission (though rendered by Division 1, acting as an appellate division, the order is that of the Commission). Exercising authority under Section 210a(a) of the Interstate Commerce Act (49 U.S.C. § 310a (a)) the Commission granted intervening defendant Jack Cole Company's application for temporary authority which has the effect of extending its present routes from its southern terminals to involved Michigan cities.

On June 20, 1966 this court temporarily restrained the defendants United States of America and Interstate Commerce Commission from "issuing notice to Jack Cole Company, pursuant to an order of defendant Interstate Commerce Commission of May 26, 1966, to institute operations authorized by said order of May 26, 1966, in a proceeding entitled "Docket No. MC-73464 (Sub-No. 100 TA) Jack Cole Company, Birmingham, Alabama." A three-judge court, appointed in accordance with 28 U.S.C. § 2325, heard the matter on September 26, 1966. At the conclusion of the oral hearing the case was taken under advisement, including a motion of defendants United States of America and Interstate Commerce Commission to vacate the temporary restraining order and dismiss the complaint; and the motion of intervening defendant Jack Cole Company to dismiss the complaint or in the alternative to grant a summary judgment for defendant.

Plaintiff Roadway Express, Inc., a Delaware corporation, with principal offices in Akron, Ohio, is a motor common carrier, authorized by the Interstate Commerce Commission to transport general commodities between various points in the United States including points in Alabama and Georgia, and Michigan. Intervening as additional plaintiffs are 13 motor common carriers of property certificated by the defendant Interstate Commerce Commission to transport general commodities. Interested as carriers interlining with Jack Cole Company at Detroit, these intervening plaintiffs were party protestants in the proceedings before the Interstate Commerce Commission. They adopt as their own the pleadings filed by plaintiff Roadway Express, Inc.

Intervening defendant Jack Cole Company, an Alabama corporation, with offices in Birmingham, Alabama is a motor common carrier of property. It operates under certificates issued by the Commission authorizing the transportation of general commodities from southern terminals located in Alabama to Toledo and Detroit. In addition, Jack Cole serves other points located in Alabama, Georgia, Louisiana, and Mississippi through its wholly-owned subsidiary, Dixie Highway Express, Inc., Jack Cole Company in its answer, and defendants United States of America and Interstate Commerce Commission in their answer, deny the principal allegation of the plaintiff's complaint.

To provide through single line service from its southern terminals, intervening defendant Jack Cole Company, on December 16, 1965, applied to the defendant Interstate Commerce Commission for temporary authority and also for permanent authority to transport general commodities between Detroit, Michigan and Bay City, Michigan (designating routes and intermediate and off route points) and between Toledo, Ohio and Bay City, Michigan (designating routes and intermediate and off route points). Roadway Express, Inc., intervening plaintiffs, and other transportation companies protested Jack Cole Company's request for temporary authority. Applicant Jack Cole Company countered the protests by verified answer. Intervening plaintiffs Dundee Truck Line, Great Lakes Express, and other intervenors then responded to applicant's answer.

On February 21, 1966, the Interstate Commerce Commission, Division 1, denied Jack Cole Company's request for temporary authority. Thereafter on March 22, 1966 applicant Jack Cole Company petitioned for reconsideration. Plaintiff Roadway Express, Inc., and the 13 intervening plaintiff-transportation companies and other motor carriers opposed the petition for reconsideration.

On May 26, 1966, the Interstate Commerce Commission, Division 1, acting as an appellate division, vacated and set aside the order of the Commission Division 1. Determining that "there is an immediate and urgent need for the motor carrier service described in the appendix attached hereto and that there is no carrier service available capable of meeting such need" it ordered, subject to certain condition, "that applicant be, and is hereby granted temporary authority."

Subsequent petitions for reconsideration were filed by plaintiff Roadway Express, Inc., the 13 intervening plaintiffs, and by other transportation companies. These petitions for reconsideration, and requests for a stay of the Commission's order, have been denied.

Requiring first consideration is the jurisdiction of this court to hear and determine plaintiffs' complaint for injunctive relief. Plaintiffs charge that the Commission's order of May 26, 1966 "is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law."

Of several relevant provisions of law particular consideration must be given to three sections: Title 28 U.S.C. § 1336, Section 10 of the Administrative Procedure Act (5 U.S.C. § 1009), and Section 210a(a) of the Interstate Commerce Act (49 U.S.C. § 310a(a)).

These three sections touch each other like sides of a triangle. Title 49 U.S.C. § 310a(a) grants express discretionary power to the Interstate Commerce Commission to grant temporary authority to a motor carrier. This grant of discretionary power is construed to be "agency action" committed by law "to agency discretion", within the meaning of Section 10 of the Administrative Procedure Act (Title 5 U.S.C. § 1009). Section 10 of the Act therefore excludes action under Title 49 U.S.C. § 310a(a) from judicial review under the Administrative Procedure Act because it is discretionary agency action.

The question remains whether judicial review sought by the plaintiff is possible under Title 28 U.S.C. § 1336 which vests jurisdiction in district courts to enjoin orders of the Interstate Commerce Commission "[e]xcept as otherwise pro-

vided by Act of Congress." Falling within this exception, and therefore qualifying the district court's jurisdiction under Section 1336, is Title 49 U.S.C. § 310a(a) which authorizes the Interstate Commerce Commission to grant temporary authority "in its discretion and without hearings or other proceedings."

■ However, any Commission grant of temporary authority must provide service "for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need. . . ." 49 U.S.C. § 310a(a). In addition, any grant of temporary authority shall be "valid * * * for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority shall be granted. . . ." 49 U.S.C. § 310a(a). The language of Title 49 U.S.C. § 310a(a) thus qualifies the Commission's discretionary power to grant temporary authority, and thereby reserves a remainder of the district court's jurisdiction under Title 28 U.S.C. § 1336. Should the Commission, in the exercise of this discretion, abuse that discretion by arbitrary or capricious action, a district court is deemed to retain the equitable power to curb that abuse of discretion.

■■ In exercising its discretion Title 49 U.S.C. § 310a(a) allows the Commission to act "without hearings or other proceedings." Hence, hearings and other adversary administrative procedures contemplated by the Administrative Procedure Act (particularly Title 5 U.S.C. §§ 1006, 1007) are not required and need not be conducted by the Commission. The Commission's action is to be judged factually by the administrative record. A proper exercise of Commission discretion would be established by any evidence in the administrative record which tends to show that the temporary authority provides a service "for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need. . . ." 49 U.S.C. § 310a (a). The substantial evidence necessary

to uphold its grant of permanent authority under Section 207 of the Interstate Commerce Act (49 U.S.C. § 307) is not required to support the Commission's grant of temporary authority under Section 210a(a) of the Act (Title 49 U.S.C. § 310a(a)).

Limited right to review the Commission's grant or denial of temporary authority is recognized in comparable cases. See Pennsylvania R. R. v. United States, 13 Fed.Carr.Cas. ¶ 81,256 (E.D.Pa. 1959); Three "I" Truck Line, Inc. v. United States, 16 Fed.Carr.Cas. ¶ 81,762 (N.D.Iowa 1965); Bert Hussey v. United States, 16 Fed.Carr.Cas. ¶ 81,779 (N.D. Calif.1965); and Merchants Delivery Co. v. United States, 253 F.Supp. 596 (W.D. Mo.1966).

■ Recognizing its limited power of review, this court overrules the several motions to dismiss the complaint. Reserved for further argument, if requested, is whether the administrative record contains any evidence to support the Commission's discretionary power to grant temporary authority. This question will be considered within the limits of the review here deemed to be permissible in these proceedings. Intervening defendant Jack Cole Company's motion for summary judgment is also reserved for ruling.

Supplemental Opinion

Previously in its opinion of October 11, 1966 and order of October 14, 1966 this three-judge court overruled the several motions to dismiss the plaintiff's complaint. At that time the court reserved for further argument, if requested, the question of whether the administrative record contains any evidence to support the Commission's grant of temporary authority to intervening defendant Jack Cole Company. Also reserved was said defendant's motion for summary judgment.

Neither side has requested further argument. Each side indicated that it is content to submit the matter upon the briefs, and the prior oral argument. Actually that argument ranged beyond the

motions to dismiss, and encompassed the remaining questions. Within the limits of the permissible review, as already determined, and considering the motion for summary judgment, the case is now considered upon the merits.

The administrative record contains verified letters of 33 companies. It appears that 31 of these companies ship products from Georgia, Alabama, and Louisiana to the involved Michigan cities; and two ship south from the Midland-Bay City, Michigan area. The identity of the companies warrants the assumption that these 33 companies ship a wide variety and sizeable volume of merchandise. These letters collectively represent a plea for the establishment of additional single line motor carrier service to meet shipping needs, to prevent loss of customers, and to remain competitive. These companies express the belief that granting temporary authority to Jack Cole Company will provide the needed service.

■ Some of the shippers' letters speak of lack of equipment on existing available lines. One shipper speaks of the removal from service of an entire fleet of converta-van trailers by one of the north-south carriers serving Mobile. Another carrier states that its customers require flatbed equipment because of the size of shipments, and states that Jack Cole Company has furnished converta-flats which have satisfactorily met this requirement. Twenty of the letters contain a statement in the same or similar words that "there is not direct service to meet our needs and on joint line service the short line carriers serving Michigan have become independent and accept only traffic that yields extremely high earnings." The repetition of this apparent stock statement goes to the weight of each statement not to its legal sufficiency.

■ Some of the letters refer to delays in delivery and attribute the delay to carriers connecting with Jack Cole in Michigan. The 13 intervening plaintiffs, in their petition for reconsideration, submit sworn trip time records which, at least for the period from April to early June of 1966 and for the interline carriers involved, suggest that any delays in delivery of joint hauls occurred before these interline carriers received the merchandise from Jack Cole Company. Here, as on other points, the submissions of the applicant and the protestants are in conflict. In its submission plaintiff Roadway Express demonstrates that it is tranporting a substantial volume of traffic between all points involved in this application. It argues that "there is no basis whatsoever for a finding by the Commission that there is any need for service 'at the points or within the territory' embraced herein for which there is 'no carrier service capable of meeting such need.'" Under its limited power of review this court has concluded that it may not weigh nor resolve these conflicts in the submissions.

■ Considered in their entirety the 33 sworn letters of corporate shippers offer evidence which tends to show that temporary authority to Jack Cole Company to provide the requested service will provide a service "for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need. . . ." 49 U.S.C. § 310a(a).

Jack Cole Company submitted a verified statement. Among other things, it calls attention to facts said to be within the knowledge of the Commission through its Bureau of Operations and Compliance. A meeting in the summer of 1965 was apparently held between representatives of the Commission's Bureau and representatives of some of the 13 intervening plaintiffs. It is stated that the Commission's representatives "attempted to obtain agreement from the Michigan connecting carriers to accept interchange freight," and that no understanding could be reached. It is asserted that "the situation has not improved since the aforesaid meeting," and that "Michigan connecting carriers are simply refusing to handle shipments or will do

so only if they are paid for their participation on the basis of class or local rates." Other statements in Jack Cole Company's verified answer to protests and several of the shippers' letters are to the same effect.

It is suggested by Jack Cole Company that the refusal of Michigan interline carriers to accept some shipments, characterized as an embargo, led the Commission to grant temporary authority to Terminal Transport Company on January 3, 1966. This temporary authority permits Terminal Transport Company to operate between specified points in Georgia and Alabama on the one hand, and on the other, all of the points in Michigan embraced in Jack Cole Company's application. Again without attempting to pass on the verity or weight of the described "embargo" condition purportedly imposed by Michigan interline carriers, the administrative record permits the conclusion that the Commission has knowledge of the true circumstances. The condition described by the verified answer of Jack Cole Company, if recognized by the Commission, would warrant the Commission, within its discretion, to grant the temporary authority requested by Jack Cole Company.

During oral argument plaintiff Roadway Express for the first time raised the point that the submitted statements of applicant Jack Cole Company in support of its application for temporary authority do not conform to requirements of rules adopted by the Commission, effective July 1, 1965. This ground of objection to the granting of temporary authority was not raised before the Commission and is deemed waived. Moreover, a reading of these rules indicate that their purpose is to facilitate the Commission's handling of requests for temporary authority. The rules reflect no intention to reduce or relinquish its statutory discretionary power to issue certificates of temporary authority.

February 18, 1966 is the date when the Commission's Division 1 denied the application and May 26, 1966 is the date when Division 1, acting as an appellate division, vacated the denial and granted the application. Between these dates the administrative record was augmented by a petition for reconsideration and opposing protests, but not by any additional evidentiary submissions. Nevertheless, in the exercise of administrative discretion Division 1, sitting as an appellate division, had the power to reverse its former order on a reconsideration of the total administrative record.

Recognizing its limited power of review, this court finds and determines that the Commission did not act arbitrarily or capriciously nor did it abuse its discretion in granting Jack Cole Company temporary authority, as requested, and conditioned in its order of May 26, 1966. The within opinion and the previous opinion of October 11, 1966 shall constitute findings of fact and conclusions of law in accordance with Rule 52(a), Federal Rules of Civil Procedure.