**H C & D MOVING & STORAGE COMPANY, Inc., Hawaiian Packing & Crating Co., Ltd., Bekins Van & Storage Co. of Hawaii, Inc., Smyth Van & Storage Co. of California, Inc., Sunvan Hawaii, Inc. (Formerly Sunvan & Storage Company, Inc.), Global Van Lines, Inc. (Successor to Trans Ocean Van Service of Hawaii), Hawaiian Van & Storage Company, Ltd., Trans-Pacific Van Company, Ltd., Plaintiffs,**

v.

**UNITED STATES of America, The Interstate Commerce Commission,**

and

**Burnham Van Service, Inc., et al., Defendants.**

**Civ. No. 2781.**

United States District Court, D. Hawaii.

Sept. 8, 1970.

Alan F. Wohlstetter, Washington, D. C., and A. Peter Howell, Honolulu, Hawaii, for plaintiffs.

Martin A. Weissert, Ft. Wayne, Ind., for North American Van Lines.

Wyman C. Knapp, Warren N. Grossman, Los Angeles, Cal., for Lyon Van Lines, Inc. and National Van Lines, Inc.

Heen, Kai & Dodge, Honolulu, Hawaii, for North American Van Lines, Lyon Van Lines, National Van Lines, Inc.

Paul F. Sullivan, Washington, D. C., and Robert Gray Dodge, Honolulu, Hawaii, for Burnham Van Service Inc. and Pyramid Van Lines, Inc.

James L. Beattey, Indianapolis, Ind., and David L. Irons, Honolulu, Hawaii, for Aero Mayflower Transit.

Before BARNES, Circuit Judge, and PENCE and TAVARES, District Judges.

## DECISION ON PLAINTIFFS' MOTION TO ENFORCE JUDGMENT AND FOR TEMPORARY RELIEF

PER CURIAM:

By its decision of April 7, 1969 (298 F.Supp. 746), this court set aside the Decision and Order of the Interstate Commerce Commission (Commission) granting *permanent* authority to 19 motor common carriers of household goods to carry on interstate movements of household goods between points in Hawaii and points on the mainland, and remanded the case for such further proceedings as the Commission might thereafter deem necessary for its subsequent Decision and Order. Thereafter, the Commission reinstated its prior orders granting *temporary* authority to some defendants, and after hearings, granted the same to all other applicants—even including American Red Ball Transit Co. which had previously been *denied* permanent authority. In compliance with this court's order, the Commission also reopened the applications for permanent authority and scheduled further hearings thereon.

The movants herein, comprising 8 of the 9 original plaintiffs, while utilizing

the procedure for administrative relief from the orders for *temporary* authority, at the same time filed this instant motion against the Commission and all the common carriers who had been granted such temporary authority.

Plaintiffs maintain that (a) the Commission's proceedings upon the applications for temporary authority "involve the same parties"; (b) the operating authority requested for each is identical as to commodity and geographical scope; and (c) temporary authority was granted by the Commission upon the identical basis of past evidence of interline operations performed in Hawaii by Hawaii-based carriers. Plaintiffs urge that since this court specifically declared such evidence to be legally insufficient to support a grant of Hawaii *permanent* operating authority, therefore the action of the Commission in granting *temporary* operating authority without other evidence is in direct violation of the specific holding of this court and therefore such grants by the Commission should be enjoined.

Unfortunately for the plaintiffs, their contentions cannot be sustained. The parties are *not* the same. Not all of the plaintiffs have joined in the present motion and American Red Ball Transit was never granted permanent authority. This is *not* an appeal from the Commission's § 210a grants. We do not even have that record before us. For the purpose of this decision we were given only plaintiffs' statement of what the Commission has done. Moreover, the only question before this court at the prior hearing was the legality of the Commission's grant of *permanent* authority, pursuant to §§ 206 and 207 of the Act.[1] This court did *not* expressly nor even inferentially forbid the Commission to exercise its discretion and act under § 210a.

As conceded by the plaintiffs, it cannot be contended that the Commission is now without power to issue grants of temporary authority. The standards for granting temporary authority under § 210a are *not* the same as those demanded for the granting of permanent authority under §§ 206–209; the Commission has broader discretion and may act much more summarily thereunder. The administrative review process of grants of temporary authority calls for different legal evaluations than for permanent orders. Grants of temporary authority do "not have to pass the same judicial muster as permanent orders."[2] By the express language of § 210a(a), a grant of temporary authority "shall create no presumption that corresponding permanent authority will be granted thereafter." In short, the procedures for granting temporary and permanent authority are statutorily and legally separate and distinct.

When, after this court's decision on the Commission's grants of permanent authority, the Commission proceeded to consider applications for grants of temporary authority and acted thereon, it did not in the slightest interfere with this court's order regarding grants of permanent authority. It was not necessary, therefore, for the Commission to seek permission of this court before processing applications for grants of temporary authority. Even if the Commission in exercising its discretionary power under § 210a may have based its conclusions and orders upon the same evidentiary factors which it had passed upon in granting permanent authority, nevertheless this was properly within its power under that section and did not contravene this court's orders under §§ 206 and 207.

The Commission has not acted inconsistently with this court's decision.[3] Plaintiff's Motion to Enforce Judgment and for Temporary Relief is denied.

1. 49 U.S.C. § 310a.

2. Superior Trucking v. United States, 302 F.Supp. 257, 260 (D.C.Ga.1969).

3. *Cf.* American Farm Lines v. Black Ball, 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970).