**NAVAJO FREIGHT LINES, INC.,
Plaintiff,**

**Illinois-California Express, Inc., Plaintiff
Intervenor,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission,
Defendants,**

**Albuquerque Phoenix Express, Inc.,
Defendant Intervenor.**

**Civ. No. 8264.**

United States District Court,
D. New Mexico.

Dec. 21, 1970.

Jones, Gallegos, Snead & Wertheim, Santa Fe, N. M., Morris G. Cobb, Amarillo, Tex., for plaintiff.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, N. M., for Albuquerque Phoenix Express.

Victor R. Ortega, U. S. Atty., Albuquerque, N. M., John D. Wigger, Dept. of Justice, Washington, D. C., for the United States.

Nahum Litt, Manny H. Smith, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Comm.

Paul F. Sullivan, Washington, D. C., for Albuquerque Phoenix Express.

Before SETH, Circuit Judge, and PAYNE and BRATTON, District Judges.

## MEMORANDUM OPINION

PAYNE, District Judge.

This action was brought by Navajo Freight Lines, Inc., (hereinafter referred to as Navajo), to enjoin and set aside certain orders of the Interstate Commerce Commission, (hereinafter referred to as the Commission, or the I.C.C.). This three-judge district court was convened to hear the case in accordance with 28 U.S.C.A. § 2284 (1965).

The Commission issued an order granting temporary authority to the defendant in intervention, Albuquerque Phoenix Express, Inc., (hereinafter referred to as APEX), to transport general commodities on various highways between Albuquerque, New Mexico, and

Phoenix, Arizona. The duration of the temporary authority was extended pending the outcome of an APEX application for a permanent authority under a certificate of public convenience and necessity. Navajo asserts in the complaint that the granting of temporary authority was arbitrary and capricious and in excess of the Commission's legal authority. Illinois-California Express, Inc., was permitted to intervene as a plaintiff, claiming injury similar to that of Navajo resulting from the Commission's order. This court denied a temporary restraining order to stay the effect of the Commission's grant of temporary authority.

After trial and hearing, at which all parties presented evidence, the Court has taken the matter under advisement and now renders its decision denying plaintiff's application to set aside the orders of the Commission.

The Court decides that the I.C.C.'s initial grant and extension of temporary authority to APEX were not arbitrary or capricious, and the action taken by the Commission was within its legal authority. The Court will not, therefore, consider the merits of the Commission's determination.

## SCOPE OF JUDICIAL REVIEW

■ Neither side disputes that I.C. C.'s action granting temporary authority is subject to review only when it is "arbitrary or capricious or where it (the Commission) has acted without authority of law or has committed an error of law." Schenley Distillers Corporation v. United States, 50 F.Supp. 491, 496 (D.Del.1943).

## THE COMMISSION'S ACTION WAS NOT ARBITRARY OR CAPRICIOUS

■ An administrative action which is arbitrary or capricious is defined as one "not supported by evidence, or lacking a rational basis". O'Boyle v. Coe, D.C., 155 F.Supp. 581, 584 (1957).

As this definition applies to grants of temporary authority by the Commission, the record must show only that there was "some evidence" upon which the Commission could base its decision. Superior Trucking Company v. United States, 302 F.Supp. 257 (N.D.Ga.1969); Roadway Express, Inc. v. United States, 263 F.Supp. 154, 157 (N.D.Ohio 1966); Merchants Delivery Company v. United States, 265 F.Supp. 669, 672 (W.D.Mo. 1967); Union Cartage Co. v. United States, 244 F.Supp. 1005, 1007–1008 (D. Mass.1965).

The *Superior Trucking, supra,* case is persuasively similar to this one. The Court held that the supporting statements of thirteen shippers constituted the "necessary evidence" to support the Commission's findings.

Attached to the record before the Court are more than thirty such statements.

The existence of these statements show that the Interstate Commerce Commission has sufficient information to give the APEX application for temporary authority reasoned consideration. The Court will not inquire into the soundness of the decision reached by the Commission after such consideration.

## THE COMMISSION DID NOT EXCEED ITS LEGAL AUTHORITY

The Commission acted within its legal authority in extending the APEX temporary authority until final disposition of a pending application for permanent authority.

The Supreme Court held in Pan-Atlantic Steamship Corp. v. Atlantic Coast Line Railroad Co., 353 U.S. 436, 77 S.Ct. 999, 1 L.Ed.2d 963 (1957), that under Section 9(b) of the Administrative Procedure Act, 5 U.S.C.A. § 558(c) (1967), the I.C.C. has the power to extend the duration of temporary authority until final disposal is made of the application for permanent authority. Interstate Commerce Act, § 210a(a), 49 U.S.C.A. § 310a(a) (1963).

■ Navajo contends that, in addition to empowering the Commission to extend the duration of temporary au-

thority, the *Pan-Atlantic* case requires the Commission to meet certain criteria before exercising that power.

The four criteria enumerated are:

1. (T)here must be a license outstanding;
2. (I)t must cover activities of a continuing nature;
3. (T)here must have been filed a timely and sufficient application to continue the existing operation;
4. (A)nd the application for the new or extended license must not have been finally determined.

Brief for plaintiff at 4.

Navajo claims the first and third of these criteria were not met.

The evidence in the case shows, to the contrary, that all four of the criteria in the *Pan-Atlantic* case were, in fact, met.

1. There must be a license outstanding.

Navajo's contention that there was no license outstanding is based on the assumption that final extension of the APEX temporary authority was not granted until December 2, 1969, when notice was mailed to APEX. Such an assumption might be valid if the Commission could act only upon application of parties seeking an extension.

Commission rules, however, provide:

"The Commission will determine upon written request by any interested party, or it *may determine upon its own initiative,* whether under section 558 of the Administrative Procedure Act (5 U.S.C. 558);

(a) Any temporary operating authority granted under 210a(a) or 311 (a) of the Interstate Commerce Act (49 U.S.C. 310a(a), 911(a) is continued in force, beyond the expiration

date specified in such temporary operating authority, \* \* \*"

49 C.F.R. § 1101.1 (1970) (emphasis added).

The Commission states that the extension was granted automatically at the time APEX filed its application for permanent authority. Brief for defendants at 9.

The language "upon its own initiative" is certainly broad enough to permit the Commission to grant an extension automatically subject to its "prerogative to deny the continuance of the temporary authority prior to the expiration of the 180-day period." Brief for defendants at 9.

2. It must cover activities of a continuing nature.

The APEX temporary authority was not revoked during the 180-day period.

3. There must be filed a timely and sufficient application to continue existing operation.

The APEX application for permanent authority was filed on July 31, 1969, prior to expiration of the 180 days of temporary authority which commenced on May 26, 1969. 34 Fed.Reg. 13509 (1969).

4. The application for the new or extended license must not have been finally determined.

Navajo does not dispute that the APEX application for permanent authority is pending before the I.C.C.

## CONCLUSION

█ The Court having found that there was some evidence to support the Commission's action and that the Commission acted within its legal authority, dismisses the plaintiff's action to enjoin the Commission's order.