**BRASWELL MOTOR FREIGHT, INC., a corporation, et al., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Hopper Truck Lines, a corporation, et al., Intervening Defendants.**

**Civ. A. No. 70–2846–FW.**

United States District Court, C. D. California.

Dec. 14, 1971.

Theodore W. Russell, of Russell & Schureman, Los Angeles, Cal., for plaintiffs.

John Wigger, Atty., Dept. of Justice, Washington, D. C., on brief, for defendant United States.

Hanford O'Hara, Atty., Washington, D. C., on brief, for defendant Interstate Commerce Commission.

Rogan & Radding, Burbank, Cal., Laurence M. Cottingham, Abilene, Tex., Turney & Turney, Washington, D. C.. on

brief, for intervenors Hopper Truck Lines, C–D Truck Lines, Inc. & Merchants Fast Motor Lines, Inc.

Before ELY, Circuit Judge, and WHELAN and EAST, District Judges.

## DECISION

EAST, District Judge.

### THE PARTIES AND PROCEEDINGS BEFORE THE INTERSTATE COMMERCE COMMISSION

The Intervening Defendant, Hopper Truck Lines, now O. N. C. Motor Freight System (Hopper), was a motor carrier engaged with its then parent, O. N. C. Motor Freight System, in transporting general commodities under permanent authorities from the Defendant Interstate Commerce Commission (Commission) to serve routes in the states of Arizona, California, Oregon, Washington and Nevada.

Hopper sought to extend its permanent authority on a temporary basis from Phoenix eastward to Silver City, New Mexico. The Commission granted the application in Docket Sub 16 TA but restricted "tacking" and "interlining" traffic at Silver City.[1]

Hopper has filed other applications to expand its existing authorities which are pending but not of concern to us now.

Thereafter Hopper filed its application with the Commission, Docket Sub 18 TA, now before us, seeking basically to expand its temporary authority granted in Sub 16 TA but without certain service restrictions, particularly against tacking and interlining at Silver City, New Mexico. The Plaintiff carriers opposed the application and the Commission initially denied the application in the order of its Motor Carrier Board on May 25, 1970.

On July 14, 1970, Hopper filed a pleading captioned "Leave to File and Removal of Temporary Restrictions— Emergency Petition of Applicant and C–B Truck Lines, Inc., for Immediate Relief." On July 20, 1970, the Commission accepted the Emergency Petition for filing and ordered:

"That the petitions be, and they are hereby, denied for the reason that no showing has been made which would warrant a conclusion different from that reflected by said order of May 25, 1970."

Thereafter on August 12, 1970, the Commission Appellate Division 1, ordered *inter alia*:

"That on our own motion, the proceeding be, and it is hereby, reopened, and that applicant be, and it is hereby, granted (temporary) authority as described  .  .  ."

"Between Florence Junction, Arizona and Silver City, New Mexico: (service area)"

"Carrier is authorized to tack and combine the authority herein with presently authorized operations and to interline at Silver City, New Mexico, thereby negating the restrictions in the third ordering paragraph."

"That the order of the Commission, Motor Carrier Board, dated May 25, 1970, and the order of Division 1, acting as an Appellate Division, dated July 20, 1970, be, and they are hereby, vacated and set aside."

"And it appearing, That there is an immediate and urgent need for the motor carrier service described  .  .  ., and that there is no carrier service available capable of meeting such need;

1. "Tacking" is the "joining of separate grants of authority by routing shipments through a point common to the separate authorities so as to provide a through carrier service between the territory served under one authority and that served under another and separate authority." Chemical Leaman Tank Lines, Inc. v. United States, 298 F.Supp. 1269 (D.Del.1969). "Interlining" or "interchanging" is the transfer of goods between carriers for the through movement of freight from origin to destination.

712

"It is further ordered, That (Hopper) be, and is hereby, granted temporary authority . . ."

On October 26, 1970, Commission Appellate Division 1 rejected Plaintiffs' petitions for reconsideration of the August 12th order.

## CONTENTIONS

The Plaintiffs in the posture of competitors with Hopper within the service area and for through service are aggrieved and seek to set aside and annul the Commission's order of August 12, 1970, in Sub 18 TA contending that:

1. The part of the order setting aside the orders of denial dated May 25, 1970, and July 20, 1970, and re-opening the proceedings in Sub 18 TA for further consideration fails to find and state facts sufficient for a reviewing court to determine whether a rational basis exists for the action taken. Therefore the order was arbitrarily and unlawfully entered by the Commission.

2. The record before the Commission does not contain substantial evidence to support the finding "That there is an immediate and urgent need for the motor carrier service . . . and that there is no carrier service available capable of meeting such need; . . ." Therefore, the Commission acted arbitrarily and abused its discretion in issuing the temporary authority.

3. The Commission lacks authority to authorize Hopper: ". . . to tack and combine the authority herein with presently authorized operations *and* to interline at Silver City, N. Mex., thereby negating the restrictions in the third ordering paragraph . . ."

Therefore the Commission acted arbitrarily and unlawfully in the issuance of the tacking *and* interlining authority.

## COMMISSION'S AUTHORITY

Pertinent to us Title 49 U.S.C.A. Section 310a vests the Commission with discretion to grant, ". . . without hearing or other proceedings . . .", temporary authority for motor carrier service ". . . for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need . . ." The service rendered under such authority shall be subject to the rules, regulations and requirements of the Commission.

## COURT'S JURISDICTION

█ We note the jurisdiction of this Court to deal with this cause under Title 28 U.S.C.A. Section 1336, as qualified and delineated in Roadway Express, Inc. v. United States et al., 263 F.Supp. 154 (N.D.Ohio E.D., 1966). A district court is deemed to retain the equitable power to curb an abuse of discretion by the Commission in granting temporary authority. *Roadway Express, supra*, p. 157. Accordingly, the order under attack is reviewable.

## DISCUSSION

The Commission's fact finding duties, whatever they may be, when dealing with the withdrawal or reconsideration of permanent authorities, control or rates and like areas as discussed in Alamo Express, Inc. v. United States, 239 F.Supp. 694 (W.D.Texas, 1965), are not under consideration in these proceedings.

█ When as here the Commission is working in the fields of discretion whether to grant temporary authorities, the Commission has the continuing right and probably the duty to reopen and reconsider its action in order to exercise the proper discretion in determining needs and regulating temporary authorities. Bell Lines, Inc. v. United States, 306 F.Supp. 209 (S.D.W.Va.1969) aff'd per curiam, 397 U.S. 818, 90 S.Ct. 1517, 25 L.Ed.2d 804 (1970), and Roadway Express, Inc. v. United States, 263 F. Supp. 154 (N.D.Ohio, 1966). Bear in mind these considerations by the Commission may be had in the absence of any hearings. It cannot be the mere reopening or reconsideration per se that can manifest an abuse of regulatory discretion—it must be the ultimate conclusion and action taken upon the reconsid-

eration that can be the cutting sword of arbitrary and abusive discretionary action.

■ A perusal of the record before the Commission, now before us, reveals some evidence in support of the Commission's finding of the statutory requirement of an immediate and urgent need for the service and a present lack thereof in the service area. The cases speak of "any" and not "substantial" evidence in support of the finding as being sufficient. In fact the statement of Hopper in its application and the supporting letters as to the urgent need and lack of service constitute a sufficient evidentiary showing. Merchants Delivery Co. v. United States, 265 F.Supp. 669 (W.D. Mo.1967).

The acceptance of Plaintiffs' argument against the tacking *and* interlining authorities would reduce the service area to a cul de sac with entrance from *only* the west *or* from the east and utterly defeat the remedy sought for the need of the service area.

The Commission's finding of the need for and lack of service in the service area necessarily means towards and from, and this need is met by the tacking (to and from the west) and interlining (to and from the east) authority to Hopper. A resulting "bridge" for through east-west service is incidental to the necessary satisfaction of that need. Furthermore, there is some evidence of a need for a through service between points in Texas (through Silver City) and points west of Florence Junction.

■ The Commission has discretionary authority under Section 310a to grant temporary authorities to meet those needs through either the tacking and interlining technique or by an express wording of a temporary duplication of existing routes east and west of the service area. Alabama Great Southern R. Co. v. United States, 103 F.Supp. 223 (E.D.Va.1952), and Estes Express Lines v. United States, 292 F.Supp. 842 (E.D.Va.1968). Compare *Bell Lines, supra*, and *Roadway Express, supra*.

It is said that the Commission's authority is to respond swiftly to urgent needs if an orderly nationwide system of transportation is to be maintained. *Alabama Great Southern, supra,* teaches that ". . . (t)he statute conceives a summary disposition of the application . . . leaving to the plenary hearing, on the permanent authorization, decision of the points raised by the plaintiffs."

■ The Plaintiffs complain of some procedural defects prior to the entry of the order of August 12, 1970. All unfiled replies and statements on behalf of the Plaintiffs and complaints of such defects were of record and considered by the Commission at the time of the order of October 26, 1970, denying reconsideration. Any procedural defects were thereby cured.

If equities of the parties are to be considered they are found to be with the Intervening Defendants. The record discloses that the authorities granted to Hopper by the order under attack are merely a replacement of long time service theretofore had but disrupted by cancellation and discontinuance of joint or connecting services by other carriers detrimental to those Defendants.

## CONCLUSION

■ We conclude that:

1. The Commission did not abuse its discretion and act arbitrarily or unlawfully in either:

(a) reopening the proceeding or setting aside the orders of May 25, 1970, and July 20, 1970,

(b) granting the temporary authority to Hopper, or

(c) authorizing Hopper to tack and combine the authority with existing authorities, *and* to interline at Silver City, N. Mex.; and

2. The Commission's order of August 12, 1970, (service date August 14, 1970) in Sub 18 TA is in all respects a lawful, valid and enforceable order.

Accordingly, the complaints of the Plaintiffs should be dismissed.