**LAND–AIR DELIVERY, INC., a corporation, Plaintiff,**

v.

**The UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Springfield Air Freight, Inc., formerly known as Springfield Airport Limousine, Inc., Intervening Defendant.**

**Civ. A. No. KC–3640.**

United States District Court,
D. Kansas.

Dec. 3, 1973.

Tom B. Kretsinger, Kansas City, Mo., and Blake A. Williamson, Kansas City, Kan., for plaintiff Land-Air.

Hanford O'Hara, I.C.C., Washington, D. C., for United States and I.C.C.

Louis W. Cowan, Springfield, Mo., and Thad E. Nugent, Overland Park, Kan., for intervenor-defendant Springfield Air Freight, Inc.

Before HILL, Circuit Judge, and TEMPLAR and O'CONNOR, District Judges.

PER CURIAM.

OPINION AND DECREE

Plaintiff seeks to set aside and annul orders of the Interstate Commerce Commission authorizing a continuation of temporary motor carrier operations performed since 1968 by the intervening de-

fendant, Springfield Air Freight, Inc.[1] The Commission orders were made pursuant to the authority granted by § 210a(a) of the Interstate Commerce Act, 49 U.S.C. § 310a(a).

This is the third time this matter has been before a three-judge court in this district. In December 1969, the Commission granted an application of SAF for permanent operating authority. This Court, in an opinion filed in June, 1971, 327 F.Supp. 808, set aside that authority on the ground the Commission had failed to refer the case to a Joint Board as provided for by 49 U.S.C. § 305(a).[2] In so holding, purely on a technical basis, this Court in the opinion also stated, "If the sole issue in this case was whether there is substantial evidence in the record to support the factual findings of the Commission, we would affirm." Upon remand of the matter to the Commission, the same was referred to a Joint Board as directed. Thereafter the Commission, on August 11, 1971, reinstated and granted SAF temporary authority as requested. Thereafter, by motion, Land-Air attacked the temporary authority order before the same three-judge court, and on April 6, 1972, the Court rejected such attack and upheld the temporary grant of authority.

In May, 1972, an oral hearing was had before the Joint Board of ICC and evidence presented by all parties, including plaintiff. From the briefs furnished herein, it is the understanding of the Court that the matter of the issuance of a certificate of permanent authority is still pending before the Commission, and SAF is operating under the August 11, 1971, grant of temporary authority. It is this grant of authority plaintiff seeks herein to revoke. Section 210a(a) of the Interstate Commerce Act, 49 U.S.C. § 310a(a), provides the statutory basis for the grant of temporary authority by ICC and reads as follows:

To enable the provision of service for which there is an immediate and urgent need to a point or points within a territory having no carrier service capable of meeting such need, the Commission may, in its discretion and without hearings or other proceedings, grant temporary authority for such service by a common carrier or a contract carrier by motor vehicle, as the case may be. Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the Commission shall specify, but for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter.

■■■ It is significant that the above statute authorizes the Commission to grant or deny temporary authority "in its discretion and without hearings or other proceedings". This statute clearly makes the standard of judicial review a very limited one, as the Commission is only required to refrain from acting arbitrarily, capriciously, or in abuse of its discretion, and the "substantial evidence test" of the Administrative Procedure Act, 5 U.S.C. § 706(2)(E), does not apply. Only limited findings by ICC are required pursuant to § 210a(a) itself. Roadway Express, Inc. v. United States, 263 F.Supp. 154 (N.D.Ohio 1966). The more recent case of H C & D Moving & Storage v. United States, 317 F.Supp. 881 (D.Hawaii 1970), clearly enunciates the standards for granting temporary authority. Therein the court stated at 883:

\* \* \* The standards for granting temporary authority under § 210a are *not* the same as those demanded for the granting of permanent authority under §§ 206–209; the Commission has broader discretion and may act much more summarily thereunder. The administrative review process of

---

1. Hereinafter referred to as SAF.

2. Land-Air Delivery, Inc. v. United States, 327 F.Supp. 808 (D.Kan.1971).

grants of temporary authority calls for different legal evaluations than for permanent orders. Grants of temporary authority do "not have to pass the same judicial muster as permanent orders." By the express language of § 210a(a), a grant of temporary authority "shall create no presumption that corresponding permanent authority will be granted thereafter." In short, the procedures for granting temporary and permanent authority are statutorily and legally separate and distinct.

\* \* \* Even if the Commission in exercising its discretionary power under § 210a may have based its conclusions and orders upon the same evidentiary factors which it had passed upon in granting permanent authority, nevertheless this was properly within its power under that section and did not contravene this court's orders under §§ 206 and 207.

Plaintiff's principal contention here is error by the Commission in granting the new temporary authority which differed somewhat in scope and terms from the temporary authority originally granted, and the granting of the new temporary authority without the taking of additional evidence. It is true, as pointed out by plaintiff, the second grant of temporary authority was not identical in terms with the first order granting temporary authority, but as a matter of fact was more restricted than the original grant. The grant of authority under attack was in conformity with the permanent grant of authority previously made by the Commission to SAF. Section 558(c) of the Administrative Procedure Act, 5 U.S.C. § 558(c), clearly authorizes the Commission to extend the temporary authority, which may initially be granted for a period of not to exceed 180 days, until such time as the application for permanent authority has been finally determined by the Commission. Pan-Atlantic Steamship Corp. v. Atlantic Coast Line R. Co., 353 U.S. 436, 77 S.Ct. 999, 1 L.Ed.2d 963 (1957). It is without question to us that when this Court set aside the Commission's grant of authority in the first proceeding, the case necessarily had to be reopened by the Commission for further proceedings as directed by this Court. And during the pendency of those further proceedings, the Commission had authority to reinstate the grant of temporary authority until the proceeding is finally determined.[3] Concerning the sufficiency of the evidence in the record to support the second grant of temporary authority, this Court's statement concerning the sufficiency of substantial evidence to support the grant of permanent authority certainly settled any question about evidentiary support for the temporary authority order under attack here. In addition to the evidence before the Commission at the time of the original grant of authority, the application filed for the second temporary authority order had attached additional documentary evidence showing the need for the temporary service still existed.

■■ We find no merit to plaintiff's contention with respect to lack of notice prior to the issuance of the temporary authority on August 11, 1971. The statute above quoted clearly permits the Commission to issue temporary authority orders "without hearings or other proceedings". Also the question of notice was not raised before the Commission, and we are not compelled to pass on questions not properly raised before the Commission. United States v. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952).

We find no merit to the contentions urged by plaintiff and the action is dismissed.

---

3. 5 U.S.C. § 558(c).