**WHITFIELD TRANSPORTATION, INC., et al., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants, and**

**Thunderbird Freight Lines, Inc., and Oakley Transfer and Storage Company, Inc., Intervenors-Defendants.**

**Civ. A. No. 9759.**

United States District Court, D. New Mexico.

April 15, 1974.

Jones, Gallegos, Snead & Wertheim, Santa Fe, N. M., for plaintiffs.

Jack Smith, Albuquerque, N. M., and Russell R. Sage, Alexandria, Va., for Movants Thunderbird Freight Lines, Inc., and Oakley Transfer.

Victor R. Ortega, U. S. Atty., Albuquerque, N. M., John H. D. Wigger, Atty. Dept. of Justice, Washington D. C., for U. S. A.

Richard H. Streeter, Atty. I. C. C., Washington, D. C., for Interstate Commerce Commission.

Before SETH, Circuit Judge, PAYNE, Chief District Judge, and BRATTON, District Judge.

## MEMORANDUM OPINION

This is an action by the above named plaintiffs to enjoin, annul, and set aside an order of the Interstate Commerce Commission. Jurisdiction and venue are present under 28 U.S.C. §§ 1336, 1398, 2284 and 2321–2325. *Cf.* 5 U.S.C. §§ 702–706.

The plaintiffs are motor common carriers operating under authority granted by the Interstate Commerce Commission in interstate commerce and by the New Mexico State Corporation Commission in intrastate commerce. Thunderbird Freight Lines, Inc., is a "regular route, scheduled, multi-state motor common carrier" operating pursuant to a certificate of public convenience and necessity issued by the Interstate Commerce Commission. Oakley Transfer and Storage Company, Inc. is an "irregular route, unscheduled wholly-intrastate motor common carrier" operating in New Mexico under a state certificate of public convenience and necessity. Before the events here concerned, it was not controlled by any carrier operating outside of New Mexico, and thus by virtue of 49 U.S.C. § 306(a)(6), it operated under a certificate of registration as to interstate routes within New Mexico issued by the Interstate Commerce Commission. The statutory scheme is detailed in Navajo Freight Lines, Inc. v. United States,

263 F.Supp. 438 (C.D.Cal.1967) (three-judge court), and need not be repeated here.

By Order of October 13, 1972, in Docket No. MC–F–11675, the Interstate Commerce Commission made the required findings in the statutory language and authorized Thunderbird to assume temporary control through management of Oakley, under the authority of 49 U.S.C. § 310a(b), for a period not to exceed one hundred eighty days. This period was later extended pending the disposition of the section 5 application. All parties concede that Oakley was in such dire financial condition as to satisfy that section's requirements. Thunderbird had filed an application with the Interstate Commerce Commission under section 5 of the Interstate Commerce Act, 49 U.S.C. § 5, to control Oakley by acquiring all of its outstanding capital stock, for merger, and to convert its Interstate. Commerce Commission certificate of public convenience and necessity.

If Thunderbird or some other carrier is not allowed to assume control and management of Oakley under the temporary operation statute (49 U.S.C. § 310a(b)), then Oakley will have to cease operations. If the temporary operation is permitted, Thunderbird in its pending applications apparently will attempt to rely on the Elliott doctrine.

Plaintiffs contend that the clear language of 49 U.S.C. § 306(a)(6) requires that we set aside the Interstate Commerce Commission's temporary operation order. That section provides, in part, that a carrier operating under an Interstate Commerce Commission certificate of registration on interstate routes within a state may do so:

". . . [O]*nly so long as* the holder is a carrier engaged in operations solely within a single State, not controlled by, controlling, or under a common control with a carrier engaged in operations outside such State, . . . ." (Emphasis added).

The "only so long as" language is relied upon by plaintiffs in their position that temporary control has, or will, terminate the certificate of registration regardless of Interstate Commerce Commission authority to control.

There would seem to be no objection to the procedural aspect of the case. The Interstate Commerce Commission under the Act (49 U.S.C. § 310a(b)) may proceed without a hearing if it shall "appear" that failure to grant temporary approval may result in destruction or injury to the carrier's property. As to the facts the review standard is set out in Navajo Freight Lines, Inc. v. United States, 320 F.Supp. 318 (D.C.N.M.). The real issue is thus the interpretation of the statute.

■■ The Interstate Commerce Commission has broad powers to see that service of any carrier is continued pending the determination of matters before it. Thus it is reasonable to assume that such protection would be required and authorized during the interval following the section 5 application and the action thereon, and on related filings, by the Commission. The Commission can thus preserve the status quo in effect by a temporary expedient until it can take final action which action can include what was temporarily authorized. The permitted permanent solution should give some indication of the temporary authority as a practical consideration. T. I.M.E. Freight, Inc.–Merger, 97 M.C.C. 321; Navajo Freight Lines, Inc. v. United States, 263 F.Supp. 438 (D.C. Cal.).

■ The fact that Oakley is an irregular-route carrier and Thunderbird is a regular-route carrier does not lead to a restriction on Interstate Commerce Commission authority or otherwise lead to a different conclusion. Again the Interstate Commerce Commission may ultimately within its authority authorize a conversion. Thus it may authorize temporary control, keeping the authority of each distinct until final determination. If there should be a violation of the operating authority of either carrier, the plaintiff has an adequate

remedy under the Act. We agree with the interpretation and application of 49 U.S.C. § 310a(b) as expressed in Navajo Freight Lines, Inc. v. United States, 263 F.Supp. 438 (C.D.Cal.). The facts in this cited case are very similar to those before us.

We therefore hold that the authority of the Interstate Commerce Commission to grant temporary approval of the management of Oakley's properties sought to be acquired by Thunderbird pending disposition of the merger application was within the authority of the Commission, and does not result in a violation of the common control prohibition of 49 U.S.C. § 306(a)(6).

Accordingly, the Order of the Interstate Commerce Commission of October 13, 1972, Docket No. MC–F–11674, authorizing Thunderbird Freight Lines, Inc. to assume temporary control through management of Oakley Transfer and Storage Co., Inc. is sustained and affirmed; all relief requested by the plaintiffs is denied, and the action is dismissed.

It is so ordered.