540 F.2d 450
 GARRETT FREIGHTLINES, INC., et al., Petitioners,
and
Frost Truck Lines, Inc., Intervening Petitioner,
v.
UNITED STATES of America and Interstate Commerce Commission,
Respondents,
and
Motor Cargo, Intervening Respondent.
 No. 75-3416.
 United States Court of Appeals,
Ninth Circuit.
 July 26, 1976.
 
 Ann M. Pouqiales (argued), Loughran & Hegarty, San Francisco, Cal., for petitioners.
 Jerome Anderson (argued), Anderson, Symmes, Forbes, Peete & Brown, Billings, Mont., for Frost Truck Lines.
 Gary Frank (argued), Nelson, Harding, Leonard & Tate, Salt Lake City, Utah, for Motor Cargo.
 Walter H. Walker, III (argued), ICC, Washington, D.C., for respondents.
 Before KOELSCH, HUFSTEDLER and CHOY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Interstate Commerce Commission granted Motor Cargo, a motor carrier, temporary authority to transport general commodities over regular routes between Wells, Nevada, and Los Angeles, California. Petitioners and other competing carriers protested the Commission's action and sought its reconsideration, but the Commission refused to do so. This petition followed.
 
 
 2
 In awarding temporary authority to Motor Cargo, the Commission acted under the aegis of § 210a(a) of the Interstate Commerce Act, 49 U.S.C. § 310a(a), which provides as follows:
 
 
 3
 "(a) To enable the provision of service for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need, the Commission may, in its discretion and without hearings or other proceedings, grant temporary authority for such service by a common carrier or a contract carrier by motor vehicle, as the case may be. Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the Commission shall specify, but for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter."
 
 
 4
 By that section, Congress vested the Commission with broad discretion to grant such carriers authority for a limited period of time as a stopgap measure for filling urgent and unsatisfied transportation needs during an emergency. The scope of our review is correspondingly narrow, substantially more so than if we were reviewing a grant of permanent authority. See, e.g., Land-Air Delivery, Inc. v. United States, 371 F.Supp. 217, 218-219 (D.Kan. 1973); H C & D Storage v. United States, 317 F.Supp. 881, 883 (D.Haw.1970). The relevant standard is not whether the Commission's determination is supported by substantial evidence. See Land-Air Delivery, supra, 371 F.Supp. at 218; International Detective Service, Inc. v. United States, 346 F. Supp. 608, 611 (D.R.I.1972); Bell Lines, Inc. v. United States, 306 F.Supp. 209, 213 (S.D.W.Va.1969), affirmed, 397 U.S. 818, 90 S.Ct. 818,25 L.Ed.2d 804 (1970); Hussey v. United States, 271 F. Supp. 650, 653 (N.D.Cal.1967). Rather, our sole inquiry is whether the Commission has refrained from acting in a manner which is arbitrary, capricious, or an abuse of discretion, or, otherwise stated, whether there is some evidence in the record to support the Commission's decision. International Detective Service,supra, 346 F.Supp. at 611; Navajo Freight Lines, Inc. v. United States,320 F.Supp. 318, 320 (D.N.Mex.1970); Superior Trucking Company v. United States, 302 F.Supp. 257, 261 (N.D.Ga.1969); Merchants Delivery Co. v. United States, 265 F.Supp. 669, 672-673 (W.D.Mo.1967). We are not in a position to weigh evidence or substitute our judgment for that of the Commission; so long as the record is not devoid of some evidence from which the rationality of the challenged action may be inferred, the Commission's decision to grant a carrier temporary authority under § 210(a) will not be disturbed on review.
 
 
 5
 Here the challenged grant of temporary authority is founded upon a record which includes Motor Cargo's application, the supporting statements of certain of its employees, and the supporting statements of 121 shippers. We perceive some evidence of "an immediate and urgent need (for service) to a point or points or within a territory having no carrier service capable of meeting such need."[1] We therefore conclude that the Commission's action was not arbitrary, capricious, or an abuse of discretion.
 
 
 6
 PETITION DENIED.
 
 
 
 [1]
 We are unable to accept petitioners' contention that there has been no compliance with the Commission's regulations governing temporary authority applications under § 210a(a), 49 C.F.R. §§ 1131.1 et seq. Moreover, even assuming such non-compliance were present, the Supreme Court has observed that § 210a(a) is best served by treating regulations fomented thereunder
 "not as inflexible procedural conditions but as tools to aid the Commission in exercising its discretion to meet 'an immediate and urgent need' for service where the existing service is incapable of meeting that need. Unlike some rules, the present ones are mere aids to the exercise of the agency's independent discretion."
 American Farm Lines v. Black Ball Freight Service, 397 U.S. 532, 539, 90 S.Ct. 1288, 1293, 25 L.Ed.2d 547 (1970); see also Superior Trucking Company, supra, 302 F.Supp. at 263.