**EAST COAST TRANSPORTATION COMPANY, INC., Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents.**

Nos. 76–3508, 77–1131.

United States Court of Appeals, Fifth Circuit.

July 27, 1977.

Bernard C. Pestcoe, Miami, Fla., for petitioner.

Griffin B. Bell, U. S. Atty. Gen., Lloyd John Osborn, Atty., Dept. of Justice, Appellate Sec., Hanford O'Hara, Assoc. Gen. Counsel, Walter H. Walker, III, Atty., Mark L. Evans, Gen. Counsel, I.C.C., Washington, D. C., for respondents in No. 76–3508.

Donald I. Baker, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., for intervenor.

Griffin B. Bell, Atty. Gen., Dept. of Justice, Lloyd John Osborn, Atty., Robert L. Oswald, Secretary of I.C.C., Robert Lewis

Thompson, I.C.C., Washington, D. C., Barry Grossman, Chief, Appellate, Daniel J. Conway, Attys., Dept. of Justice, Washington, D. C., for respondents in No. 77–1131.

Before GOLDBERG and FAY, Circuit Judges, and DUMBAULD,* District Judge.

PER CURIAM.

East Coast Transportation Company, Inc., a motor common carrier, seeks review of Interstate Commerce Commission orders denying it emergency temporary operating authority and temporary operating authority to transport shipments over certain routes on bills of lading issued by an affiliate freight forwarder, Universal Carloading & Distributing Company, Inc. Universal sought to demonstrate to the Commission that there was "an immediate and urgent need" for additional common carrier service pursuant to § 210a(a) of the Interstate Commerce Act, 49 U.S.C. § 310a(a).[1]

Universal acknowledged that other carriers with existing authority were able to provide the service needed on an interim basis, but it asserted that none was willing to enter into a contract with Universal at the favorable rates the freight forwarder required to remain profitable. The Commission conceded that when existing carriers offer only token solicitation under rates that are "too high and structurally ill-suited to move the forwarder's traffic," this may constitute an effective embargo justifying an additional grant of permanent motor carrier authority. See Kroblin Refrigerated Xpress, Inc.—Extention Freight Forwarder Traffic, 123 M.C.C. 831 (1975), appeal pending sub nom. Regular Common Carrier Conference of A. T. A. v. United States, 559 F.2d 798 (D.C. Cir.). The Commission concluded, however, that Universal had failed to demonstrate on this record that the rates existing carriers would charge to transport its traffic were unreasonable, prohibitive, or structurally ill-suited or that an immediate and urgent need for additional services otherwise existed.

The provision authorizing the Commission to grant temporary authority vests broad discretion in that agency. The scope of our review is narrower than it would be were we reviewing the disposition of a petition for permanent authority. The relevant standard is not whether the Commission's determination is supported by substantial evidence, but solely whether the Commission has refrained from acting in a manner that is arbitrary, capricious, or an abuse of discretion, or whether there is *some* evidence in the record to support the Commission's decision. See *Garrett Freightlines, Inc. v. United States*, 540 F.2d 450 (9th Cir. 1976); *International Detective Service, Inc. v. United States*, 346 F.Supp. 608, 611 (D.R.I.1972); *Navajo Freight Lines, Inc. v. United States*, 320 F.Supp. 318, 320 (D.N.Mex.1970). We conclude that the Commission has not abused its discretion in the case at bar.[2]

---

* District Judge of the Western District of Pennsylvania sitting by designation.

1. Section 210a(a), 49 U.S.C. § 310a(a), provides:

   To enable the provision of service for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need, the Commission may, in its discretion and without hearings or other proceedings, grant temporary authority for such service by a common carrier or a contract carrier by motor vehicle, as the case may be. Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the Commission shall specify, but for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter.

2. East Coast also challenges the Commission's procedures regarding the disposition of its petition for emergency temporary authority as a denial of due process because the Commission considered evidence outside the record. East Coast made no objection in the agency proceeding that might have allowed the Commission to correct any error. More fundamentally, however, an application for temporary emergency authority requires expeditious action, often within several hours of the initial request. The Commission has no time to give notice to

The orders of the Commission are AFFIRMED.

existing carriers. Only the applicant puts forward evidence. At the same time, however, the Commission must protect the interests of the existing carriers by seeking to verify the allegations of the applicant. Perhaps in the more leisurely proceeding surrounding the application for temporary authority, however, and certainly in that involving the petition for permanent authority, official notice of adjudicative facts requires that applicants be given an opportunity to refute that evidence. No due process challenge to the latter proceedings is advanced here.